# EXHIBIT A

Brian C. Stewart (#12677)
SIEGFRIED & JENSEN
5664 South Green Street
Murray, Utah 84123
Telephone: (801) 266-0999
Facsimile: (801) 266-1338
brian@sjatty.com

*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT, IN AND FOR

SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| DEBBIE LOPEZ, | COMPLAINT |
| Plaintiff, | (TIER 3) |
| v. | Civil No. 180909392 |
| SMITH'S FOOD AND DRUG DBA KROGER, a business corporation, | Judge: Keith Kelly |
| Defendant. | |

Plaintiff, Debbie Lopez, by and through counsel of record, Brian Stewart of Siegfried & Jensen, hereby complains against Defendant, and alleges and seeks relief as follows:

### PARTIES

1. Debbie Lopez ("Lopez" or "Plaintiff") is a resident of Salt Lake County, State of Utah.

2. Smith's Food and Drug ("Smith's" or "Defendant") was and is a corporation doing business in Salt Lake County, State of Utah.

## JURISDICTION AND VENUE

3. This action is of a civil nature and jurisdiction is conferred pursuant to Utah Code Ann. § 78A-5-102.

4. The cause of action and injuries giving rise to this Complaint occurred in Salt Lake County, State of Utah, and thus venue is appropriate in the above-entitled Court pursuant to Utah Code Ann. § 78B-3-307.

5. Pursuant to Rule 26 of the Utah Rules of Civil Procedure, Plaintiff elects to file this matter under Tier 3.

## FACTUAL ALLEGATIONS

6. Plaintiff, by and through reference, hereby incorporates all preceding paragraphs, as if fully set forth herein.

7. This action arises as a consequence of an incident that occurred on February 22, 2017, when Plaintiff Debbie Lopez slipped and fell at Smith's Food and Drug (Store No. 094), located at 455 South 500 East, Salt Lake City, Utah 84102.

8. On said date, Debbie Lopez walked approximately 2 steps into Smith's Food and Drug when she slipped on an unmarked pooling of water that had flooded the entry way mat.

9. Upon information and belief, Defendant Smith's Food and Drug did not have proper signage disclosing the wet floor.

10. In addition the Defendant Smith's Food and Drug did not take the proper steps to remedy the dangerous condition.

11. As a result of the negligence of Defendant Smith's Food and Drug and its employees and agents, Plaintiff Debbie Lopez suffered and will continue to suffer severe injuries.

## FIRST CAUSE OF ACTION

### (Negligence as to Defendant)

12. Plaintiffs, by and through reference, hereby incorporate all preceding paragraphs, as if fully set forth herein.

13. At all times relevant hereto, Defendant Smith's Food and Drug's employees and agents owed to their business invitees, including Plaintiff Debbie Lopez, a duty to keep the business premises in a reasonably safe condition.

14. Defendant Smith's Food and Drug's employees and agents breached the duties owed to Plaintiff Debbie Lopez and were negligent in at least the following ways:

   (a) Failure to exercise proper caution under the existing conditions;

   (b) Failure to maintain the premises in a reasonably safe condition for people on the property;

   (c) Failure to properly warn people on the premises of the hazard; and

   (d) Any other acts or omissions that may later be discovered.

15. Defendant knew or should have known of the dangerous condition created at the store's entryway, and knew or should have known of the danger that it posed to business invitees.

3

16. Defendant contributed to the cause of the dangerous condition by its negligent use, placement, monitoring, and maintenance of its entry way floor mats.

17. The dangerous condition caused by the pooling of water was hidden by Defendant's entry way mats and was not visible to Plaintiff as she entered the store.

18. As a direct and proximate result of the negligence of Defendant Smith's Food and Drug and its employees and agents, Plaintiff Debbie Lopez suffered serious injuries.

19. As a direct and proximate result of the negligence of Defendant Smith's Food and Drug and its employees and agents, Plaintiff Debbie Lopez has suffered, continues to suffer, and will suffer in the future, injuries, including pain of body and mind and has incurred and will continue to incur expenses for, among other things, medical attention and treatment.

## DAMAGES

20. Plaintiffs, by and through reference, hereby incorporate all preceding paragraphs, as if fully set forth herein.

21. As a direct and proximate result of Defendant's negligence, omissions, recklessness, and wrongful acts, Plaintiff Debbie Lopez was caused physical and emotional pain and suffering and loss of enjoyment of life, and will suffer this in the future.

22. As a further direct and proximate result of Defendant's negligence, omissions, recklessness, and wrongful acts, Plaintiff Debbie Lopez incurred reasonable and necessary medical expenses, and will continue to incur such in the future.

23. As a further direct and proximate result of Defendant's negligence, omissions, recklessness, and wrongful acts, Plaintiff Debbie Lopez has been severely injured and has suffered and will suffer the following additional damages:

a) Past and future damages for costs of medical treatment and health care due to said injuries;

b) Past and future damages for disfigurement, impairment of bodily functions, pain and anguish suffered, and loss of enjoyment of life; and

c) Past and future damages, if any, for lost wages or lost earning capacity;

d) and necessary services, including attendant care, nursing care, therapy, and other care and assistance, and for the payment of medical expenses rendered to and/or paid on behalf of Plaintiff by other persons and entities.

### PRAYER FOR RELIEF

BASED UPON THE FOREGOING, Plaintiffs request judgment against Defendant Smith's Food and Drug as follows:

1. For damages for past and future medical expenses in an amount to be proven at trial;

2. For damages for permanent injuries and scarring, disfigurement, and a reduction in the quality of life;

3. For general damages for pain and suffering in an amount to be proven at trial;

4. For costs of court;

5. For pre- and post-judgment interest and costs provided by law; and

6. For such other and further relief as may be justified and required by law.

DATED this _13th_ day of December, 2018.

                                  SIEGFRIED & JENSEN

                                  /s/    Brian C. Stewart
                                  Brian C. Stewart
                                  *Attorney for Plaintiff*

Plaintiffs' Address:
c/o Siegfried & Jensen
5664 South Green Street
Murray, UT 84123

6