STEPHEN F. EDWARDS, No. 10780
MORGAN, MINNOCK, RICE & MINER, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah    84101
Telephone: (801) 531-7888
Fax number: (801) 531-9732
Email: sedwards@mmrm.com

*Attorneys for Defendant Smith's Food & Drug Centers, Inc.*

IN THE UNITED STATES DISTRICT COURT IN AND FOR THE STATE OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEBBIE LOPEZ, <br><br> Plaintiff, <br><br> vs. <br><br> SMITH'S FOOD AND DRUG DBA KROGER, a business corporation, <br><br> Defendant. | **ANSWER AND JURY DEMAND** <br><br><br> Civil No. 2:19-cv-00034-BCW <br><br> Magistrate Judge Brooke C. Wells |

Comes now Defendant Smith's Food and Drug Centers, Inc. ("Defendant"), by and through Stephen F. Edwards of Morgan, Minnock, Rice & Miner, L.C., and answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1. Denies for lack of information.

2. Denies as Plaintiff has provided an incorrect name to Defendant Smith's Food & Drug Centers,

Inc.   Admits that Smith's Food & Drug Centers, Inc., an Ohio Corporation with its principal place of business in Cincinnati, Ohio, is a corporation doing business in Salt Lake County, State of Utah.

3. Denies for lack of information.

4. Denies for lack of information.

5. Denies for lack of information.

6. Defendant hereby incorporates its responses to paragraphs 1 through 5 as if fully set forth herein.

7. Denies for lack of information.

8. Denies for lack of information.

9. Denies for lack of information.

10. Denies.

11. Denies.

12. Defendant hereby incorporates its responses to paragraphs 1 through 11 as if fully set forth herein.

13. Paragraph 13 of Plaintiff's Complaint calls for a legal conclusion and requires no response from Defendant.   To the extent a response is necessary, Defendant denies.

14. Denies paragraph 14 and all subparagraphs.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

19. Denies.

20. Defendant hereby incorporates its responses to paragraphs 1 through 19 as if fully set forth herein.

21. Denies.

22. Denies.

23. Denies paragraph 23 and all subparagraphs.

24. Denies all allegations contained in the Prayer for Relief.

25. Denies all allegations included in the Complaint except as otherwise admitted herein.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## THIRD DEFENSE

As an affirmative defense, Defendant alleges that Plaintiff was negligent and that such negligence was the sole proximate cause of Plaintiff's injuries and damages, if any, and further that such negligence was equal to or greater than the negligence, if any, of Defendant and by reason thereof Plaintiff has no claim against Defendant.

## FOURTH DEFENSE

As an affirmative defense, Defendant alleges that pursuant to the Utah Tort Reform Act Defendant can only be held responsible for the percentage of fault attributable to it, if any.

**FIFTH DEFENSE**

As an affirmative defense, Defendant alleges that to the extent there are third parties who were responsible for Plaintiff's injuries and damages, and over whom Defendant exercised no control, such third parties, pursuant to Rule 9(l) of the Utah Rules of Civil Procedure, should be included on the Special Verdict for purposes of apportionment of fault.

**SIXTH DEFENSE**

As an affirmative defense, Defendant alleges that to the extent Plaintiff has failed to mitigate her damages, if any, Plaintiff's recovery should be reduced or barred.

**SEVENTH DEFENSE**

As an affirmative defense, Defendant alleges that Defendant is not responsible for any pre-existing physical, mental, or other medical conditions of Plaintiff and to the extent Plaintiff had pre-existing physical, mental, or other medical conditions, Defendant is not responsible or liable for the same.

**EIGHTH DEFENSE**

In the event a verdict is recovered against Defendant by Plaintiff, Defendant may be entitled to a setoff or a credit before entry of judgment to the extent that Plaintiff has been compensated by any source for which an offset should be allowed pursuant to Utah law.

**NINTH DEFENSE**

Defendant hereby reserves the right to amend its Answer to Plaintiff's Complaint during the process of discovery in the event such discovery establishes a basis for additional affirmative defenses.

WHEREFORE, Defendant prays for judgment in favor of Defendant and against Plaintiff, no cause of action, and that Defendant recover its costs of Court together with a reasonable attorneys' fees and such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Defendant demands a jury on all causes of action.

DATED this 15th day of January, 2019.

        MORGAN, MINNOCK, RICE & MINER, L.C.

        /s/ Stephen F. Edwards
        Stephen F. Edwards
        *Attorneys for Defendant Smith's Food & Drug Centers Inc.*
        *dba The Kroger Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2019, I caused a true and correct copy of the foregoing **ANSWER AND JURY DEMAND** to be e-filed and sent via email to the following:

Brian C. Stewart brian@sjatty.com
SIEGFRIED & JENSEN
5664 South Green Street
Murray, Utah 84123
*Attorneys for Plaintiff*

                                                       */s/ Krystal Day*
                                                     Paralegal